JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| INMATE # F-78333 | CASE NUMBER |
|---|---|
| Darren Harris, | 2:18-cv-10349-AG-RAO |
| PLAINTIFF(S) | |
| v. | |
| Jerry Brown, et al., | **ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES** |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____
Date

_____
United States Magistrate Judge

---

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction.
- ☒ Other  Heck-barred

- ☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☐ Leave to amend would be futile.
- ☒ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:
See attached statement of decision.

June 18, 2019
Date

_Rozella A. Oliver_ (signature)
United States Magistrate Judge

---

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

- ☐ **DENIED.** Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

- ☒ **DENIED,** and this case is hereby DISMISSED immediately.

- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

June 19, 2019
Date

(signature)
United States District Judge

CV-73P (08/16)    **ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES**

2:18-cv-10349-AG-RAO
*Darren Harris v. Jerry Brown, et al.*

On December 5, 2017, Plaintiff filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983, in the Northern District of California. (Compl., Dkt. No. 8.) After receiving several extensions of time, Plaintiff filed a Request to Proceed Without Prepayment of Filing Fees ("IFP Request") on May 7, 2018. (Dkt. No. 17.) The case was transferred to this district on December 11, 2018. (Dkt. No. 21.)

On January 24, 2019, the Court denied Plaintiff's IFP Request and dismissed his complaint with leave to amend. (Dkt. No. 25.) The Court's order explained that the complaint failed to state a claim of retaliation, violation of due process, violation of equal protection, or conspiracy. The Court granted Plaintiff leave to amend within 30 days. The Court later granted Plaintiff several extensions of time. (*See* Dkt. Nos. 29, 31, 34.)

On May 24, 2019, the Court received Plaintiff's First Amended Complaint ("FAC"). (FAC, Dkt. No. 35.) The FAC's allegations bear little resemblance to those in the original Complaint. In the FAC, Plaintiff sues various law enforcement officers, judges, court staff, attorneys, wardens, and correctional officers. (*See* FAC at 20-21, 86-87.) Plaintiff alleges that he is the victim of police misconduct, repeated kidnappings, illegal detention, and an illegal sentence. (*See id.* at 6-10, 92.) Plaintiff explains the events surrounding his trial, conviction, and sentence in Los Angeles County Superior Court Case Number YA067034, and the subsequent denial of his petition for resentencing in Case Number B259705. (*See generally* FAC at 19-80.) Plaintiff further alleges conspiracy and racketeering by the defendants. (*See* FAC at 70-71, 86-87.)

All claims arising from Plaintiff's underlying criminal prosecution and sentence are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under *Heck*, if a judgment in favor of a plaintiff on a civil rights action necessarily will imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence already has been invalidated. *Id.*

The Court finds that Plaintiff cannot show that his conviction and sentence have been invalidated. On May 23, 2007, a jury convicted Plaintiff of two counts of making criminal threats, and he was sentenced to a prison term of 25-years-to-life. *See People v. Harris*, No. YA067034 (L.A. Sup. Ct.).[1] Plaintiff's conviction was affirmed with modifications on June 2, 2008. *See People v. Harris*, No. B200020 (Cal. Ct. App.). The California Supreme Court denied Plaintiff's petition for review on August 19, 2008. *See People v. Harris*, No. S164938 (Cal.). Plaintiff filed several habeas petitions in the California Court of Appeal (Nos. B218261, B220880, B232865), which were all denied. Plaintiff has also filed a federal habeas petition in this Court, which was

---

[1] The Court takes judicial notice of the records of the Los Angeles County Superior Court, available at http://www.lacourt.org/criminalcasesummary/ui/index.aspx, the California Court of Appeal, available at http://appellatecases.courtinfo.ca.gov, and the California Supreme Court, also available at http://appellatecases.courtinfo.ca.gov. *See* Fed. R. Evid. 201(b)(2) (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

1

denied on May 31, 2012. *See Harris v. Harrington*, No. 2:11-cv-02514-AG-MAN, Dkt. Nos. 31, 32 (C.D. Cal. May 31, 2012). In 2013, Plaintiff petitioned for resentencing pursuant to Proposition 36. (*See* FAC at 73-75.) He appealed the denial of his petition, and the California Court of Appeal dismissed his appeal on June 8, 2015. *See People v. Harris*, No. B259705 (Cal. Ct. App.).

Accordingly, because Plaintiff cannot show that his conviction or sentence has been invalidated, Plaintiff's claims are barred by *Heck*. However, even if adequately pled, Plaintiff's wrongful imprisonment claim is not cognizable in a federal civil rights action, as it goes to the legality of Plaintiff's incarceration. The Supreme Court has explained:

> [Claims] where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence . . . fall within the core of habeas corpus and are thus not cognizable when brought pursuant to § 1983. By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance.

*Nelson v. Campbell*, 541 U.S. 637, 643, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004); *see also Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) ("If the prisoner's claim challenges the fact or duration of the conviction or sentence, [it is properly brought in a habeas proceeding and] compliance with AEDPA is mandated, while if the claim challenges any other aspect of prison life, [then it may be brought under section 1983 and] the prisoner must comply with the PLRA.").

Plaintiff also alleges criminal conduct by the defendants, and he requests that they be criminally prosecuted. (*See, e.g.*, FAC at 18-19, 95.) But criminal offenses do not ordinarily provide an individual right of action. *See, e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 316–17, 99 S. Ct. 1705, 60 L. Ed. 2d 208 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute, and where it has done so there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." (internal quotation marks omitted)); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) ("In addition to the federal civil rights claims, [plaintiff] also alleged violations of 16 sections of the California Penal Code . . . . Because these code sections do not create enforceable individual rights, the district court properly dismissed the claims."); *Talib v. Nicholas*, No. CV 14-05871-JAK (DFM), 2015 WL 456546, at *9 (C.D. Cal. Feb. 2, 2015) ("Generally, criminal statutes do not create private rights of action, and violations of criminal statutes cannot serve as a basis for civil liability.").

With respect to allegations of retaliation and falsified Rules Violation Reports (*see, e.g.*, FAC at 76-84), the FAC fails to state a claim for the reasons previously explained with respect to the original Complaint. Because Plaintiff has failed to even attempt to amend these claims in a meaningful way, further leave to amend is not warranted. *See Brown v. Fitzpatrick*, 667 F. App'x 267, 2016 WL 3450394, at *1 (9th Cir. June 23, 2016) (mem.) ("The district court did not abuse

its discretion in dismissing [the *pro se* plaintiff's] amended complaint without leave to amend after providing [the plaintiff] with one opportunity to amend."); *Fosselman v. Hidalgo*, 599 F. App'x 310, 310 (9th Cir. 2015) ("The district court did not abuse its discretion in denying [the plaintiff] further leave to amend after his first amended complaint failed to cure the deficiencies."); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" (alteration in original) (quoting *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003), *abrogated on other grounds as recognized by South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 783-84 (9th Cir. 2008))).

For these reasons, it is recommended that this action be **DISMISSED**.